UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 1:17-cr-00077 |
| Plaintiff, | OPINION & ORDER |
|  | [Resolving Docs. 27, 32] |
| vs. |  |
| TERRELL HOWARD, |  |
| Defendant. |  |

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

Defendant Terrell Howard requests a reduced sentence under the compassionate release statute, 18 U.S.C. § 3582.[1] The Government opposes Terrell's petition.[2]

For the reasons stated below, the Court **GRANTS** Howard's motion for compassionate release.

I. Background

On July 12, 2017, Defendant Howard pleaded guilty to one count of Felon in Possession of Firearm and Ammunition, in violation of 18 U.S.C. § 922 (g)(1), one count of Possession with Intent to Distribute Marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D), one count of Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and one count of Maintaining a Drug Involved Premises, in violation of 21 U.S.C. §§ 856(a)(1) and (b).[3]

On October 24, 2017, this Court sentenced Howard to a total of 70 months

---

[1] Doc. 27. Howard's counsel filed a supplement to the motion. Doc. 32.
[2] Doc. 33.
[3] *Id.* at 1.

Case No. 1:17-cr-00077
Gwin, J.

incarceration, 3 years supervised release, and $400 special assessment.[4]  With good time credit, Howard is set to be released to home confinement on October 1, 2021.[5]

Howard filed a *pro se* motion for compassionate release on July 28, 2020,[6] which counsel supplemented on January 14, 2021.[7]  The Government opposes Howard's motions.[8]

For the following reasons, the Court **GRANTS** Howard's motion for compassionate release.

## II. Discussion

### A. Exhaustion

The Court may modify a defendant's sentence upon the defendant's motion if they filed the motion thirty or more days after they requested compassionate release from their warden.[9]

Defendant Howard requested relief from his warden in May 2020.[10]  The warden acknowledged Howard's request on June 22, 2020 but has not made a final determination to date, according to Howard's motion for compassionate release.[11]

Since more than thirty days passed between Howard's request to the warden and his compassionate relief requests, he has satisfied 18 U.S.C. § 3582(c)(1)(A)'s exhaustion requirement.

---

[4] Doc. 26.
[5] Doc. 32 at 2.
[6] Doc. 27.
[7] Doc. 32.
[8] Doc. 33.
[9] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. Alam*, 960 F.3d 831, 834–35 (6th Cir. 2020).
[10] Doc. 27-1; Doc. 32 at 3.
[11] Doc. 32 at 3.

Case No. 1:17-cr-00077
Gwin, J.

### B. Eligibility

To grant compassionate release, a court must: (1) "find that extraordinary and compelling reasons warrant [a sentence] reduction,"[12] (2) "ensure that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," and (3) "consider[ ] all relevant sentencing factors listed in 18 U.S.C. § 3553(a)."[13]

There are currently no applicable Sentencing Commission policy statements for inmate-filed compassionate release motions.[14] The court "may skip step two" in cases, such as this one, where an inmate files a motion on their own behalf.[15]

Under the compassionate release statute, the Court may "reduce the term of imprisonment . . . and impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment."[16]

Howard argues that his medical conditions put him at higher risk for serious illness if he contracts COVID-19. Howard is 47 years old, and his medical conditions include hypertension, Type 2 diabetes, diabetic neuropathy, kidney disease, diverticulitis, and gout. He is also obese and has a "lung mass lesion of unknown origin that may be [pneumonia] or

---

[12] "[I]n the absence of an applicable policy statement for inmate-filed compassionate-release motions, district courts have discretion to define 'extraordinary and compelling' on their own initiative." *U.S. v. Elias*, 984 F.3d 516, 519–20 (6th Cir. 2021).

[13] *Id.* at 518 (citing *U.S. v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020) and 18 U.S.C. § 3582(c)(1)(A)) (internal quotation marks omitted). The 18 U.S.C. § 3553(a) factors include: "the nature and circumstances of the offense," "the history and characteristics of the defendant," and the need for the sentence to "reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," "to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes of the defendant," among other factors. 18 U.S.C. § 3553(a).

[14] *See Elias*, 984 F.3d at 519 ("[U.S.S.G.] § 1B1.13 is not an applicable policy statement for compassionate-release motions brought directly by inmates, and so district courts need not consider it when ruling on those motions."); *Jones*, 980 F.3d at 1108 (stating that "[t]he Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13" but explaining that "§ 1B1.13 does not 'appl[y]' to cases where an imprisoned person files a motion for compassionate release.").

[15] *Jones*, 980 F.3d at 1111.

[16] 18 U.S.C. § 3582(c)(1)(A).

-3-

Case No. 1:17-cr-00077
Gwin, J.

malignancy."[17] He is incarcerated at a medical facility, FMC Lexington.[18]

Howard's medical conditions and the presence of COVID-19 at FMC Lexington[19] are extraordinary and compelling reasons that warrant compassionate release. According to the CDC, Type 2 diabetes, chronic kidney disease, and obesity all increase a person's risk of severe illness from COVID-19.[20] Granting compassionate release is also in line with the 18 U.S.C. § 3553(a) factors in this instance, especially given Howard's completion of most of his sentence.

Howard asserts that he is not a danger to the community, particularly considering his poor health.[21] The Government counters that despite Howard's serious medical conditions, his criminal history suggests he would be a continued threat to the community.[22] Further, the Government argues that releasing Howard now would not adequately reflect the seriousness of his offense, "promote respect for the law or serve as just punishment."[23]

The Court agrees with Defendant Howard. While he has a significant criminal history, it is largely nonviolent.[24] Further, he has completed the majority of his sentence and, with good time credit, would be released to home confinement in October.[25] Howard has concrete plans for housing and employment upon release.[26] Courts have granted

---

[17] Doc. 32 at 1, 5.
[18] *Id.*; *see also* Federal Bureau of Prisons, FMC Lexington, https://www.bop.gov/locations/institutions/lex/ (last visited Mar. 12, 2021).
[19] Federal Bureau of Prisons, *Covid-19 Coronavirus*, https://www.bop.gov/coronavirus/ (last visited Mar. 12, 2021).
[20] Centers for Disease Control and Prevention, *People with Certain Medical Conditions* (Feb. 22, 2021), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.
[21] Doc. 32 at 5.
[22] Doc. 33 at 9.
[23] *Id.*
[24] Doc. 33 at 9; Doc. 23 at 8–11.
[25] Doc. 32 at 1.
[26] *Id.* at 5–6.

-4-

Case No. 1:17-cr-00077
Gwin, J.

compassionate release in similar situations.[27]

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Howard's request for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). The Court reduces Howard's sentence to time served. All other terms of Howard's original sentence, including the three years' supervised release following completion of his sentence, remain in effect.

The Court further orders the Bureau of Prisons to take measures, including a 14-day pre-release quarantine, to ensure that Howard is COVID-19-free prior to his release.

IT IS SO ORDERED.

Dated: March 15, 2021             s/    James S. Gwin
                                  JAMES S. GWIN
                                  UNITED STATES DISTRICT JUDGE

---

[27] See *U.S. v. Clark*, No. 2:00-cr-24-1, 2021 WL 925760, at *1 (S.D. Ohio Mar. 11, 2021) (granting compassionate release to a 52-year-old prisoner whose medical conditions included diabetes, chronic kidney disease, and hypertension, among others); *U.S. v. Allsbrook*, No. 1:17-cr-74-4, 2020 WL 7202577, at *1 (S.D. Ohio Dec. 7, 2021) (granting release where Defendant suffered from sleep apnea and asthma and was in the final 6 months of a 21-month drug-related sentence); *United States v. Nazzal*, No. 10-20392, 2020 WL 3077948, at *1 (E.D. Mich. June 10, 2020) (granting release where Defendant had a history of heart disease, severe asthma, benign prostate cancer, high blood pressure, Type 2 diabetes, and had served 69% of his sentence for a non-violent fraud offense); *U.S. v. Readus*, No. 16-20827-1, 2020 WL 2572280, at *1 (E.D. Mich. May 21, 2020) (granting release where 33-year-old inmate was obese and suffered from sleep apnea, hypertension, and prediabetes).